UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 JUL 30  P 5: 09

PETER ANDERSON, et. al.            :

            Plaintiffs            :          CIVIL NO. 3:03CV116 (MRK)

       v.                          :

GORDON R. ENGLAND, SECRETARY    :
OF THE NAVY,                       :

            Defendant.            :          JULY 30, 2004


**DEFENDANT'S LOCAL RULE 56(a)1 STATEMENT OF UNDISPUTED FACTS**

1. Defendant maintains a military and civilian police force at the Submarine Base New London in Groton, Connecticut. *Complaint at 3; A-1, Anderson Dep. at 45-46.*

2. The vast majority of the civilian police force is made up of males. *Complaint at 13; Ex. A-1, Anderson Dep. at 45-46; Ex. B, Coleman Dep. at 20-21; Ex. C-2, Wells Dep. at 56-57.*

3. The civilian police force department personnel are assigned to one of three shifts, each shift supervised by a lieutenant. *Ex. A-1, Anderson Dep. at 10-13; Ex. D-2, Kujawski Dep. at 19; Ex. C-2, Wells Dep. at 5-6.*

4. The shifts run from 7:00 a.m. to 3:30 p.m. (day shift); 3:00 p.m. to 11:30 p.m. (swing shift); and 11:00 p.m. to 7:30 a.m. (night). *Ex. A-1, Anderson Dep. at 43-44; Ex. E, Cothran Dep. at 16-17.*

5. Shift supervisors have less than one hour of interaction per day with personnel not assigned to their shifts. *Ex. A-1, Anderson Dep. at 43-44; Ex. E, Cothran Dep. at 19-20.*

6. The use of profanity and vulgar language in this workplace by all employees is a

common occurrence. *Ex. A-1, Anderson Dep. at 46-47, 50; Ex. A-2, Anderson Dep. at 10-12, 21; Ex. B, Coleman Dep. at 62-64; Ex. C-2, Wells Dep. at 49-53; Ex. D-1, Kujawski Dep. at 30-31; Ex. D-2, Kujawski Dep. at 8; Ex. F, Diedrichson Dep. at 38, 40-41.*

     7.  Pamela Coleman has been employed by the Department of the Navy since approximately 1986, and as a GS-0083-09, supervisory police officer (lieutenant) since approximately 1998. *Ex. B, Coleman Dep. at 10-13.*

     8.  At all times relevant to this action, Lieutenant Coleman is/was the only female lieutenant/supervisor on the police force. *Ex. B, Coleman Dep. at 21.*

     9.  At times relevant to this action, Lieutenant Pamela Coleman was the subject of complaints made by both male and female co-workers about her abrasive personality and use of profanity and vulgarities in the workplace. *See Ex. G, Sheridan Dep. at 43-44.*

     10.  Plaintiff Peter Anderson was employed by the Department of the Navy from approximately 1979, and as a GS-0083-11, supervisory police officer (captain), from January 2000 until his retirement in September 2002. *Ex. A-1, Anderson Dep. at 7-8.*

     11.  At all times relevant to this action, Plaintiff Captain Anderson was senior in position and rank to Lieutenant Pamela Coleman. *Ex. A-1, Anderson Dep. at 9-11, 39; Ex. B, Coleman Dep. at 58.*

     12.  Lieutenant Pamela Coleman never exercised supervisory authority over Plaintiff Anderson. *Ex. A-1, Anderson Dep. at 39; Ex. B, Coleman Dep. at 58, 63-64.*

     13.  In 1998, Lieutenant Coleman filed an administrative complaint of discrimination against Plaintiff Anderson and another official regarding her (Coleman's) performance evaluation. *Ex. B, Coleman Dep. at 54-55.*  In 2002, the EEOC found that Lieutenant Coleman

2

had been discriminated against by Plaintiff Anderson and another official in reprisal for her prior EEO activity. *Id.*

14.  Prior to filing the instant action, Plaintiff Anderson was made aware of the administrative complaint filed against him by Lieutenant Coleman. *Ex. A-1, Anderson Dep. at 49; Ex. A-2, Anderson Dep. at 5-6.*

15.  Plaintiff Anderson had very little contact with Lieutenant Coleman on a day-to-day basis. *Ex. A-1, Anderson Dep. at 43-45; Ex. A-2, Anderson Dep. at 6.*

16.  In the Summer of 2001, Plaintiff Anderson and Lieutenant Coleman attended a mediation session to resolve the issues that each had interacting with the other. *Ex. A-2, Anderson Dep. 2 at 6-7.* Each agreed to avoid the other. *Id.*

17.  Plaintiff Anderson went out of his way to avoid interacting with Coleman between the summer of 2001 and his retirement in September 2002. *Ex. A-2, Anderson Dep. at 6-8.*

18.  Plaintiff Anderson filed a formal administrative complaint of discrimination against Lieutenant Coleman on January 31, 2002. *Ex. A-1, Anderson Dep. at 37.*

19.  Although Plaintiff Anderson was senior to Lieutenant Coleman, Plaintiff Anderson never took disciplinary action against Coleman. *Ex. A-1, Anderson Dep. at 34-35.*

20.  At all times relevant to this action, Plaintiff Anderson was not subjected to any uninvited or offensive physical contact by Lieutenant Coleman. *Ex. A-2, Anderson Dep. at 9.*

21.  Plaintiff Anderson filed the instant action alleging hostile work environment based on sex (male) and age on January 16, 2003. *Complaint.*

22.  At all times relevant to this action, Plaintiff Willie Cothran was employed by the Department of the Navy as a GS-0083-09, supervisory police officer (lieutenant). *Ex. E, Cothran*

3

*Dep. at 6.*

23.  At times relevant to this action, Plaintiff Cothran frequently used profanity and vulgarities in the workplace and would tell stories of sexual encounters to Plaintiff Anderson. *Ex. A-2, Anderson Dep. at 18-19, 25.*

24.  Plaintiff Christopher Wells has been employed by the Department of the Navy at the Submarine Base New London as a police officer continuously since 1991, *Ex. C-1, Wells Dep. at 6,* and as a GS-0083-07, police officer (sergeant) from January 2000 until the present. *Ex. C-1, Wells Dep. at 22-23.*

25.  Plaintiff Wells worked on Lieutenant Coleman's shift for less than three months between January 2000 and the present. *Ex. C-2, Wells Dep. at 46.*

26.  At all times relevant to this case, Plaintiff Wells was not subjected to any uninvited or offensive physical contact by Lieutenant Coleman.

27.  Plaintiff Wells made initial contact on an administrative claim of discrimination in March of 2001. *Ex. C-1, Wells Dep. at 11.*

28.  Plaintiff Wells' administrative claim of discrimination was filed after he learned that Lieutenant Coleman was being transferred to his (Wells') shift. *Ex. C-1, Wells Dep. at 10.*

29.  In his administrative claim, Wells did not claim that Lieutenant Coleman sexually harassed him. *Ex. C-1, Wells Dep. at 12-13.*

30.  Plaintiff Wells filed the instant action alleging an hostile work environment based on age and sex (male) on January 16, 2003. *Complaint.*

31.  Plaintiff Philip Kujawski has been employed by the Department of the Navy at the Submarine Base New London as a GS-0083-05 police officer from January 2000 until the

present. *Ex. D-1, Kujawski Dep. at 7-8.*

32.  Plaintiff Kujawski has never been assigned to Lieutenant Coleman's shift. *Ex. D-1, Kujawski Dep. at 14; Ex. D-2, Kujawski Dep. at 23; Ex. B, Coleman Dep. at 59-60.*

33.  Plaintiff Kujawski had only limited daily contact with Lieutenant Coleman. *Ex, D-1, Kujawski Dep. at 14-18, 31-32; Ex. D-2, Kujawski Dep. at 6-7; Ex. B, Coleman Dep. at 60.*

34.  The majority of plaintiff Kujawski's contacts with Lieutenant Coleman were at a designated smoking area. *Ex. D-2, Kujawski Dep. at 6.*

35.  Plaintiff Kujawski's practice was to ignore Lieutenant Coleman and leave the area whenever he could. *Ex. D-2, Kujawski Dep. at 6-7.*

36.  Plaintiff Kujawski complains of a few isolated incidents over a three year period. *Ex. D-1, Kujawski Dep. at 14-18, 30-35.*

37.  At all times relevant to this case, Plaintiff Kujawski was not subjected to any uninvited or offensive physical contact by Lieutenant Coleman.

38.  At times relevant to this action, Plaintiff Kujawski has been the subject of complaints about his frequent use of profanity and vulgarities in the workplace. *Ex. A-2, Anderson Dep. at 24; Ex. F, Diedrichson Dep. at 40-41; See Ex. B, Coleman Dep. at 61.*

39.  Plaintiff Kujawski filed the instant complaint alleging a hostile work environment based on sex (male) and age discrimination on January 16, 2003. *Complaint.*

40.  The age discrimination allegations in Plaintiffs' Complaint were dismissed in

December 2003 pursuant to a Stipulated of Partial Dismissal entered into by the parties.  *Ex. H,*

*Stipulation of Partial Dismissal.*

<div style="margin-left: 40%;">

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*LWB      For:*

LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY
450 MAIN STREET, ROOM 328
HARTFORD, CONNECTICUT 06103
(860) 947-1101
FEDERAL BAR NO. ct23164

</div>

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Defendant's Local Rule 56(a)1 Statement of Undisputed Facts with attached exhibits was sent via United States mail, postage prepaid, on this 30th day of July, 2004, to:

Stephen G. DeNigris, Esq.
2117 L Street NW, Suite 283
Washington, DC 20037-1524

Jonathan Gould, Esq.
214 Main Street
Hartford, CT 06106-1817

*Attorneys for Plaintiffs*


_____
LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY