UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
OCT 5   2 03 PM '04
U.S. DISTRICT COURT
NEW HAVEN CONN

| | |
|---|---|
| PETER ANDERSON, et. al., | : |
| | : CIVIL NO. 3:03CV116(MRK) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| GORDON R. ENGLAND, SECRETARY OF THE NAVY, | : |
| | : OCTOBER 5, 2004 |
| | : |
| Defendant. | : |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 56 of the Local Rules of Procedure for the District of Connecticut, and the Order of this Court, the Defendant, Gordon R. England, Secretary of the Navy of the United States of America, through his undersigned counsel, hereby respectfully submits this memorandum reply to plaintiffs' memorandum opposing defendant's motion for summary judgment in the above-captioned action.

As explained in more detail below, plaintiffs' memorandum opposing summary judgment fails to provide evidence that would be sufficient to support a jury verdict in their favor. Specifically, with regard to plaintiff Anderson, there is no theory upon which the defendant can be held liable; whether Officer Coleman supervised plaintiff Wells for three or six months is not a genuine dispute as to a material fact; and plaintiff Kujawski's harassment claim falls far short of the required "severe and pervasive" standard. Accordingly, the defendant is entitled to summary judgment in his favor as to the complaint's one count.

**FACTUAL BACKGROUND**

For the purpose of this reply, the defendant hereby incorporates by reference the factual background and references included in its' July 30, 2004 Memorandum in Support of Motion for Summary Judgment and the accompanying Statement of Undisputed Facts.

**ARGUMENT**

**I.    Summary Judgment Should Be Entered As A Matter Of Law For Defendant.**

Plaintiffs' sole contention, in response to defendant's motion for summary judgment, is that there are material facts in dispute that warrant a denial of summary judgment. However, their position fails to present evidence that would be sufficient to support a verdict in their favor and therefore must fail.

**A.    Plaintiffs Have Failed To Demonstrate That There Are Any Disputes As To Any Material Facts.**

Although plaintiffs contend that there are material facts in dispute, a review of their response demonstrates that the issues raised do not rise to the level of material facts. First, Plaintiffs claim that Anderson's actual authority is a material fact is unfounded. The material fact at issue in this claim is the relative seniority that plaintiff Anderson enjoyed, at all times, over defendant's employee Lieutenant Coleman. The record statements of undisputed and disputed facts demonstrate that Anderson was, at all times, senior to Officer Coleman. See *Plaintiffs' Local R. 56(a)(2) Statement of Material Facts in Dispute admitting* ¶¶ *8 and 10*. Although plaintiffs deny defendant's ¶ 11 ("At all times relevant to this action, Plaintiff Captain Anderson was senior in position and rank to Lieutenant Pamela Coleman.") and ¶ 12 (Lieutenant Pamela Coleman never exercised supervisory authority over Plaintiff Anderson."), their raised challenge addresses an ancillary issue: Anderson's authority over Lieutenant Coleman and

2

others.

The fact that Captain Anderson was senior to Lieutenant Coleman by virtue of his position and rank prevents him from establishing vicarious employer liability. See Mack v. Otis Elevator Co., 326 F.3d 116, 123 (2d Cir. 2003) (noting that employers are not vicariously liable for a hostile work environment created by a mere co-worker, as compared to a supervisor). Plaintiffs do not, nor can they, claim that plaintiff Anderson (GS-11, captain) was not senior in position and rank to Lieutenant Coleman (GS-9, lieutenant). The undisputed facts regarding plaintiff Anderson's relationship with Lieutenant Coleman prove that she was never his supervisor. See Mack, 326 F.3d at 127 (adopting the EEOC's definition of supervisor, finding employee with authority to make and oversee daily work assignments to be a supervisor). Thus, questions about whether Anderson was a "token" captain without actual authority are not relevant to his claim as a victim here.

Plaintiffs questions about the amount of interaction each plaintiff had with Lieutenant Coleman are, like questions raised about Anderson's authority, not genuine issues of material fact. With regard to Captain Anderson, plaintiffs have failed to offer any evidence to suggest that his contact with Lieutenant Coleman was *materially* different than that presented by the defendant. *Defendant's Local R. 56(a)1 Statement of Undisputed Facts,* ¶¶ *5 and 11.* Plaintiffs' denial simply indicates that Captain Anderson had approximately one hour of daily contact with the day shift supervisor and that he saw Lieutenant Coleman more frequently when she was assigned to the Criminal Investigations Division (CID). *Plaintiffs' Disputed Facts,* ¶¶ *5 and 11.* Plaintiffs' quarrel with these facts is not significant to the outcome of this case; these facts tend to support defendant's position that Captain Anderson avoided Lieutenant Coleman and, when unsuccessful in avoiding her, had limited contact. Moreover, plaintiffs fail to offer evidence to

3

even suggest that Lieutenant Coleman was in CID for a meaningful portion of this claim. When reviewing the totality of the circumstances, Captain Anderson's claim of "seeing" Lieutenant Coleman for up to thirty additional minutes each day does not rise to the level of a genuine dispute about a material fact. See Dawson v. County of Westchester, 373 F.3d 265, 272 (3d Cir. 2004).

Plaintiffs' disagreement about plaintiff Wells period of service on Lieutenant Coleman's shift also falls short of creating a genuine issue of material fact. *Plaintiffs' Disputed Facts,* ¶ 15. Courts focus on the frequency of the conduct complained of, its severity, and other factors in assessing a hostile work environment claim. Id. Wells' assignment to Lieutenant Coleman's shift for as little as three or as many as six months over the course of several years will have no material affect on assessing this claim. The fact remains that Wells, like plaintiff Kujawski, cannot demonstrate that the acts complained of were "'sufficiently severe or pervasive to alter the conditions of [plaintiffs'] employment and create an abusive working environment . . . .' [and establish] a specific basis for imputing the conduct creating the hostile work environment to the employer." Feingold v. New York, 366 F.3d 138, 149-50 (2d Cir. 2004) (quoting Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002)).

### B. Plaintiffs Have Failed To Demonstrate That Defendant Subjected Plaintiffs To Offensive Conduct Because Of Plaintiffs' Sex.

Plaintiffs further have failed to demonstrate that the conduct in question - - profane and vulgar remarks by Pamela Coleman - - was motivated by the fact that they are male. See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir.2001) ("It is axiomatic that mistreatment at work ... through subjection to a hostile work environment ... is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic."); Gregory v. Daly, 243

4

F.3d 687, 691-92 (2d Cir. 2001) (Plaintiffs must show some basis for inferring incidents were actually discriminatory before they may be considered for purposes of hostile work environment). Plaintiffs' hostile work environment claim must fail because plaintiffs have only demonstrated that Lieutenant Coleman's remarks were vulgar and crude. See Dawson, 373 F.3d at 274 (noting that the crucial question is "whether the workplace atmosphere, considered as a whole, undermined plaintiffs' ability to perform their jobs, compromising their status as equals to [women] in the workplace.)(citations omitted). Plaintiffs offer no evidence to suggest that men had a lower status than women in the workplace. The record demonstrates that the "sexual" element of the claim was completely secondary and not actionable.

### C. Plaintiffs Have Failed To Show Harassment So Severe And Pervasive To Alter The Conditions Of Plaintiffs' Employment.

Plaintiffs have failed to demonstrate that the harassment complained of was "sufficiently severe or pervasive to alter the conditions of the [plaintiffs'] employment and create an abusive working environment." Feingold, 366 F.3d at 149; See also Oncale, 523 U.S. at 78 (a hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment") (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). "[I]n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998).

As the Supreme Court has held, Title VII is not a "general civility code" to be used by the Court to police a work environment, such as this one, where all members of the workforce

engage in "abusive" and "hostile" activities. <u>Faragher,</u> 524 U.S. at 788 (Title VII standards when "[p]roperly applied, . . will filter out complaints attacking the ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes and occasional teasing.") (quoting <u>Oncale</u>, 523 U.S. at 80)(internal citation and quotation omitted). <u>See also</u> <u>Fairbrother v. Connecticut Dept. of Mental Health and Addiction Services</u>, 306 F. Supp. 2d 154, 167 (D. Conn. 2003).

For the reasons stated above, and in Defendant's Memorandum in Support of Motion for Summary Judgment, no reasonable jury would find that defendant created a hostile work environment under Title VII. Moreover, plaintiffs responded to the motion for summary judgment with vague claims and arguments about issues that are, at best, collateral to this claim. Accordingly, defendant's motion for summary judgement should be granted.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court enter an order granting summary judgment in its favor as to plaintiffs' one count complaint.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY
450 MAIN STREET, ROOM 328
HARTFORD, CONNECTICUT 06103
(860) 947-1101
FEDERAL BAR NO. ct23164

*Of Counsel/On the Brief:*
Anthony J. Verducci
Assistant Counsel
Office of Civilian Human Resources
614 Sicard Street SE Suite 100
Washington Navy Yard, DC 20374-5072

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment was sent via United States mail, postage prepaid, on this 5th day of October, 2004, to:

Stephen G. DeNigris, Esq.
2117 L Street NW, Suite 283
Washington, DC 20037-1524

Jonathan Gould, Esq.
214 Main Street
Hartford, CT 06106-1817

*Attorneys for Plaintiffs*

LISA E. PERKINS
ASSISTANT UNITED STATES ATTORNEY